## NELSON v. JOHNSON ET AL.

(No. 824; Decided July 27th, 1915; 150 Pac. 762.)

APPEAL AND ERROR—QUESTIONS REVIEWABLE—OBJECTIONS BELOW—
HOW PRESENTED—POINTS ABANDONED ON APPEAL—RESERVATION OF
EXCEPTIONS—WEIGHT AND SUFFICIENCY OF EVIDENCE—PROVINCE OF
THE JURY—BURDEN OF PROOF—EVIDENCE—BUILDER'S CONTRACT—
ACTION ON ACCOUNT—EXTRAS—COUNTERCLAIMS—DISPUTED ITEMS
—TRIAL.

1. Error predicated on the rejection of counter-claims alleged in the answer, but not urged on appeal, will be eliminated from consideration except in so far as they· constitute a defense to plaintiff's action.

2. A builder suing on a disputed account for extras used in construction assumes the burden of establishing his account.

3. Where evidence is received at the trial without objection, its competency cannot be raised for the first time on appeal.

4. Where no objection to plaintiff's manner or competency of proof is interposed at the trial, the question of the weight of the evidence is for the jury.

5. In an action by a building contractor to recover for extras used in construction wherein the evidence is conflicting as to items in dispute, the jury may allow or reject any dis- · puted item in whole or in part.

ERROR to the District Court, Carbon County; HON. VOLNEY J. TIDBALL, Judge.

Action by C. A. Johnson and D. A. McLean against August Nelson to recover a balance on account in connection with a building contract. Plaintiffs were awarded judgment and defendant brings error. The facts are stated in the opinion.

*N. R. Greenfield,* for plaintiff in error.

There was no evidence introduced in support of plaintiff's claim for extras other than a mere expression of opinion. We concede that a failure to object to the competency of this class of testimony is a waiver of its competency, but it is not a waiver of the right to question its legal effect or its sufficiency to support the verdict. (9 Enc. of Evi. 113, and cases cited.) A fact cannot be considered as proved where all there is before the court is the conclusion of the witness upon the point in issue. (14 Enc. of Evi. 102.) Plaintiffs failed to make out a case against the defendant. The testimony of Mr. McLean as to the contract price of the house and the nature and value of the extras furnished considered in connection with the testimony of Mr. Nelson, which is uncontradicted, would show but $6.09 due plaintiffs. The verdict of the jury is excessive and not supported by the evidence and is contrary to law, and in any event, grossly excessive and should be set aside and a new trial awarded defendant.

*F. E. Anderson,* for defendants in error.

The reply was filed out of time, but there was an agreement that it should be considered. The issues in the case turn largely upon questions of fact. The only question presented for review in the Supreme Court is whether the verdict was sustained by the evidence. The rule is that where the court below has overruled a motion for a new trial based upon the insufficiency of the evidence, the ruling will not be disturbed on appeal. (Kester v. Wager, 22 Wyo. 512, citing the case of Dewey v. Chicago Railroad Co., 31 Ia. 373.) The above authority would seem to be decisive of the present case.

SCOTT, JUSTICE.

Johnson and McLean obtained a verdict in the District Court of Carbon County against Nelson for the sum of $303.91, upon which verdict judgment was rendered in their favor for that amount and $91.15 costs. Nelson brings

error. It is alleged in the amended petition that early in September, 1910, the plaintiffs entered into a written contract to and with Nelson to construct a residence for him according to certain plans and specifications; that they were to furnish all materials (excepting dimension lumber and sheeting, flooring, ceiling and cornice lumber), and pay all freight, but that Nelson was to furnish all sand and gravel, and in consideration Nelson agreed to pay plaintiffs $3,000 as follows: $1,000 when concrete walls were in place, $1,000 when building was ready for plaster, and $1,000 when building was completed and accepted. It is alleged that the plaintiffs completed the building with the exception of applying and spreading the outside plaster, which was postponed owing to the inclement weather. It is further alleged that defendant was unable to furnish certain material and that plaintiffs furnished them; also labor, material and extras for change in plans, railroad freight, etc., in all amounting to $466.11, over and above three thousand dollars, the original contract price, as shown by an itemized bill exhibited with the petition, for which they demand judgment.

The defendant in his answer admitted the contract, the correctness of the itemized statement in some particulars and alleged that had the house been built according to contract his liability would have been $3,257.50, and further alleged for a defense and counter-claim that the house was not built in the time agreed upon, alleging damage of $400 therefor, and that the house was not constructed in a workmanlike manner and he claimed that he was further damaged in the sum of $1,500 for such faulty construction. He also claimed credits according to an itemized statement appearing as an exhibit to his answer more than sufficient to pay the entire claim of plaintiffs, and also alleged that plaintiffs abandoned and never completed the contract and used poor and unsuitable material in constructing the house to his damage. The reply denied the allegations in the answer.

It is contended, first, that the verdict is excessive, and second, that the evidence is insufficient to support any verdict against the defendant. For convenience these questions may be considered together. The issue was upon an account consisting of certain charges and credits by defendants in error under the building contract and the amount of credits to which plaintiff in error claimed he was entitled.

The evidence upon the part of the plaintiffs tends to show that upon the consent and insistence of Nelson they utilized as the first story the greater part of the old walls of a house which they undertook to place in repair and the second story walls were to be extended and built up from the first story. That they entered upon the construction of the building in September, 1910, and so far completed their contract that Nelson moved into and occupied the building before the outside plastering had been spread upon the walls and pointed up, and the inside of the house painted and kalsomined; and that this work was postponed owing to the lateness of the season and the effect cold weather would have upon such work. The plaintiffs sent a man to the house during and who completed the painting in November, 1911, and in addition did some staining work and kalsomining. In September, 1912, they offered to complete the outside plastering but were met with Nelson's refusal to permit them to do so. Nelson then claimed that plaintiffs had not merely postponed but had abandoned the contract work. It is said in Nelson's brief here that, "We are not particularly concerned as to whether the defendant should have had a verdict against the plaintiffs on his counter-claim, but we do contend, most earnestly, that there is no foundation in the pleadings or evidence supporting the verdict returned by the jury." Upon this statement we may eliminate from our consideration the matter of the counter-claims alleged in the answer, except in so far as they constitute a defense to plaintiffs' cause of action. Upon the questions of completion of the contract, and the kind of material and workmanship, the evidence was conflicting. There then remains for consideration the other items of the exhibit, some of

which are admitted, and in so far as the charges and claimed credits and other items are disputed by the pleadings, the burden was upon the party having the affirmative of the issue to establish the account. The evidence was received without objection and it is sought here for the first time upon the question of its sufficiency to support the verdict to raise the question of its competency. The question of competency is not preserved in the record and cannot be raised here for the first time. (9 Ency. Ev., p. 113.) We are of the opinion that as there was no objection to the admission of this testimony that defendant is not now in a position to urge in this court any objection as to its competency. By failure to object to the evidence at the proper time the plaintiff in error will be deemed to have elected to submit the case to the jury on the evidence as given and having done so he cannot thereafter complain except as to the sufficiency of the evidence as a whole to support the verdict. McLean, one of the plaintiffs, was interrogated and made answer as follows: "Q. Now, what was the contract of this house to be? A. Three thousand dollars. Q. Can you state, from memory, the extras that were put in this house? A. There was a door and a closet put in under the stairway, amounting to thirty dollars. Q. Was that agreed upon by Mr. Nelson? A. It was. And there was the floor and the ceiling. The amount I don't remember, exactly. Q. (Handing paper to witness) Examine this paper I hand you, and state what that is. A. That is the itemized account of the building. Q. In whose hand-writing is that? A. That is Mr. Johnson's hand-writing. The one underneath is the one (indicating). It is copied there; is my own; the same thing. Q. Refresh your memory from that and state what the extras were over that contract. A. Thousand feet of beaded ceiling, and so forth; one door and plastering, $30; freight on flooring, $16; freight on ceiling, $5.50; calsomine, $21.64; staining, $9.10; extra staining, $2.25." During his further examination he testified as follows: "Q. How much is still due upon this contract for the erection of this building? A. $461.23 with interest."

Mr. Johnson, the other plaintiff, testified as a witness and was interrogated and made answer as follows: "Q. State what balance you consider due from Mr. Nelson after the construction of the building at the time, at the time it was completed? A. It is $461 and some cents." He further testified that the price charged for the extra material that was sent out to the house under consruction was the actual cost price. The defendant directed his evidence to the specific items which were in dispute and his evidence in that respect was not otherwise disputed than by the evidence given in behalf of plaintiff as above recited. As no objection to plaintiff's manner or competency of proof was interposed at the trial, the question of the weight of the evidence was a question for the jury. In so far as the general issue and the damages claimed by defendant in his counter-claims for alleged failure to complete the house and faulty construction is concerned, the evidence was conflicting upon the other items in dispute and it was within the province of the jury to which the case was tried to allow or reject any of them in part or in whole in making up their verdict, which was within the issues and does not appear to be excessive. We discover no error in the record in the respects complained of and the judgment will be affirmed.     *Affirmed.*

POTTER, C. J., and BEARD, J., concur.